**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREA TOLEDO,                                       :

                     Plaintiff,      :

       -against-                              :

UNIBUD RESTORATION CORP., BREND         :
RESTORATION, LLC, BREND RESTORATION     :
SERVICES INC., PAVARINI MCGOVERN, LLC,  :
and CARLOS URIBE                        :

              Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAN 19 2022

MEMORANDUM DECISION
AND ORDER

21 Civ. 882 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

## I.    INTRODUCTION

Plaintiff brings this sex/gender discrimination, hostile work environment, and retaliation action against Defendants pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), New York State law, and New York City law. (Amended Complaint, ECF No. 32.)[1] Defendant Pavarini McGovern, LLC ("Pavarini") now moves to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim asserting that Plaintiff failed to allege Pavarini was Plaintiff's employer. (Memorandum of Law in Support of Pavarini's FRCP 12(b)(6) Motion to Dismiss the Amended Complaint, ECF No. 34.) Pavarini's motion to dismiss is GRANTED.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff

---

[1] Plaintiff also brings a claim for violation of New York Theft Prevention Act for failure to furnish Plaintiff's wage notices. (Compl. ¶¶ 86-89.)

must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co.*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## III.  PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED A JOINT EMPLOYER RELATIONSHIP BETWEEN DEFENDANT PAVARINI AND THE OTHER CORPORATE DEFENDANTS

Pavarini argues that the complaint fails to allege the joint employer relationship required to impute liability on Pavarini for the alleged sexual harassment perpetrated by Defendant Uribe (who, like Plaintiff, was directly employed by Defendant Unibud Restoration Corp. ("Unibud"), a sub-contractor at the construction site). In opposition, Plaintiff asserts that the complaint adequately alleges how Pavarini controlled Plaintiff's work activities at the construction site thus establishing the joint employer relationship.

Courts will consider an entity a joint employer when there is "sufficient evidence that the [entity] had immediate control over the other company's employees." *Duff v. Pristine Servs., Inc.*, No. 19-CV-10423 (RA), 2021 WL 663981, at *3 (S.D.N.Y. Feb. 19, 2021) (quoting *NLRB v. Solid*

2

*Waste Servs.*, 38 F.3d 93, 94 (2d Cir. 1994)).  The Second Circuit has identified five factors that bear on the "immediate control" inquiry: "whether the alleged joint employer (1) did the hiring and firing; (2) directly administered any disciplinary procedures; (3) maintained records of hours, handled the payroll, or provided insurance; (4) directly supervised the employees; or (5) participated in the collective bargaining process." *Id.* (quoting *Felder v. United States Tennis Ass'n Inc.*, No. 17-CV-5045 (ER), 2018 WL 5621484, *4 (S.D.N.Y. Oct. 30, 2018)).

During oral argument on Pavarini's motion to dismiss, counsel for Plaintiff cited two additional cases for the Court to consider in support of Plaintiff's claims: *E.E.O.C. v. Skanska USA Bldg., Inc.*, 550 F. App'x 253, 253 (6th Cir. 2013) and *Austin v. Kiewit Infrastructure W. Co.*, No. 17-CV-01920-JST, 2018 WL 11375900, at *1 (N.D. Cal. Mar. 23, 2018).[2]

In *E.E.O.C.*, the Sixth Circuit reversed the district court's grant of summary judgment to a general contractor holding that the general contractor, while not the direct employer of the individuals at issue, was liable under Title VII for the alleged discrimination as a joint employer with the subcontractor.  The general contractor in *EEOC* contracted with the subcontractor to provide elevator operators for the construction site. *E.E.O.C.*, 550 F. App'x at 254.  The general contractor paid the subcontractor for each hour the operators' worked and suggested how much the subcontractor should pay the operators. *Id.*  Moreover, the general contractor had the right to remove operators from the construction site, directed their daily responsibilities, set their hours, collected their timesheets, required them to attend a safety training, supervised them, and taught them how to operate the elevators. *Id.* at 254, 256.  The general contractor also carried the workers'

---

[2] *Austin* does not support Plaintiff's position in this case.  The plaintiff in *Austin* failed to allege defendants were plaintiff's joint employer and the court granted defendants' motion to dismiss.  *Austin*, 2018 WL 11375900 at *4.  The court found that plaintiff's allegations (that defendants shared the same service of process agent, corporate office, employees, facilities, construction year, and vehicles) failed to "plead sufficient facts identifying [plaintiff's] employer directly or as a joint employer." *Id.*

compensation and liability insurance for the employees, handled any complaints about the conditions of the worksite, and arranged meetings when the operators had disagreements with their supervisors. *Id.* The subcontractor had "minimal oversight" and the owner of the subcontractor visited the construction site "only a few times." *Id.* When the general contractor removed an operator, the subcontractor would "generally fire the worker without requiring [the general contractor] to provide an explanation for the removal." *Id.* Finally, the general contractor did not consult with the subcontractor about the operators' complaints or their conflicts with their supervisors. In sum, the subcontractor was a "nonentity on the construction site." *Id.*

The facts alleging a joint employer relationship between the general contractor and the subcontractor in *EECO* are lacking in the instant action. Plaintiff only alleges that there were signs bearing Pavarini's name and logo at the construction site, that every day she signed a Pavarini workers log, and that she received an orientation number from Pavarini and attended its safety training. (Compl. ¶¶ 23-41.) Plaintiff does not allege that any Pavarini employees were ever present at the construction site overseeing daily activities, hiring the workers, or handling disputes between workers and supervisors. In conclusory fashion, Plaintiff alleges that Pavarini derived an economic benefit from her labor, controlled her daily activities, and had the right to fire, reassign and/or reduce her hours, inspect her work, and to direct Unibud to terminate her. (*Id.* at ¶¶ 33, 36, 51, 52.) However, Plaintiff never alleges or describes how Pavarini engaged in those methods of control over Plaintiff—she only alleges in conclusory fashion that Parvarini had the right to do so. Nor does the complaint include any contractual details outlining such rights. In fact, the complaint alleges that Unibud was Plaintiff's direct employer, that its co-owner paid her in cash each day, and Defendant Uribe, who is employed by Unibud, interviewed Plaintiff before she was hired. (*Id.*

4

at ¶¶ 13, 43, 44.) The Plaintiff's complaint fails to plead the requisite "immediate control" needed to allege a joint employer relationship between Pavarini and the other defendants in this action.

Without an employer relationship, the Court need not address the merits of Plaintiff's other claims against Pavarini. However, even if Pavarini exercised more "immediate control" over Plaintiff, the complaint lacks allegations that Pavarini ever became aware of the alleged conduct before Plaintiff left her employment. The alleged sexual harassment occurred outside of work hours and off the construction site. (Compl. ¶¶ 15-19.) Further, Plaintiff does not allege that she reported the alleged sexual harassment to Pavarini, instead only alleging that she reported it to her foreman/supervisor and Unibud's co-owner. (*Id.* at ¶¶ 21, 55.) There are no allegations that those individuals, in turn, reported it to Pavarini. Finally, constructive discharge requires "deliberate action" by an employer. *Wright v. Goldman, Sachs & Co.*, 387 F. Supp. 2d 314, 325 (S.D.N.Y. 2005). There are no such allegations against Pavarini.

## IV.   CONCLUSION

Defendant Paverini's motion to dismiss, ECF No. 34, is GRANTED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
          January 19, 2022

SO ORDERED.

GEORGE B. DANIELS
United States District Judge