UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ANDREA TOLEDO,

                       Plaintiff,           Case No. 21-cv-882 (GBD)(SN)

   -against-

UNIBUD RESTORATION CORP.,
BREND RESTORATION LLC,
BREND RESTORATION SERVICES
INC., PAVARINI MCGOVERN, LLC
and CARLOS URIBE, individually,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REPLY MEMORANDUM OF LAW ON BEHALF OF
BREND RESTORATION LLC and BREND
RESTORATION SERVICES INC. IN FURTHER
SUPPORT OF MOTION FOR SUMMARY JUDGMENT

DANIEL S. PERLMAN
Attorney for Defendants
BREND and BREND
142 Garth Road 1T
Scarsdale, NY 10583
(212) 684-1466

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTORY STATEMENT | 1 |
| PLAINTIFF'S ARGUMENT | 1 |
| LEGAL ARGUMENT | 2 |
| POINT 1. BREND DID NOT EXERCISE CONTROL OVER PLAINTIFF TO MAKE IT HER JOINT EMPLOYER | 2 |
| NO FORMAL CONTROL | 3 |
| NO FUNCTIONAL CONTROL | 3 |
| POINT II. PLAINTIFF'S BADGE AND VEST ARE NOT RELEVANT TO THE QUESTION OF JOINT EMPLOYMENT | 5 |
| POINT III. SUMMARY JUDGMENT MAY BE GRANTED EVEN WHERE LESS THAN ALL FACTORS FAVOR DEFENDANT | 5 |
| CONCLUSION | 6. |

## TABLE OF AUTHORITIES.

| | Page |
|---|---|
| Gil v. Pizzarotti, LLC, WL 1178027 (SDNY 2021) | 3 |
| Jean-Louis v. Metropolitan Cable Communications, Inc., 838 F. Supp. 2d 111 ( SDNY 2011) | 5 |
| Ovadia v. Office of the Industrial Board of Appeals, 19 N.Y.3d 138 (2012) | 2 |
| Zheng v. Liberty Apparel Co. Inc., 355 F. 3d 61 (2003) | 4, 5 |

## INTRODUCTORY STATEMENT

The Brend defendants submit this memorandum in reply to plaintiff's opposition to the motion and in further support of their motion for summary judgment. No attempt has been made to controvert Mr. Jaworski's statement (at para. 2 of his moving Affidavit) that Brend Restoration Services Inc. only handles payroll for Brend Restoration LLC and has never conducted any business. The Brend Restoration, LLC-Unibud subcontract (Exhibit B to the Jaworski moving aff.) is further proof that Brend Restoration Services Inc. cannot possibly be deemed plaintiff's joint employer.

Nor is there any genuine question of fact with regard to the LLC not being plaintiff's joint employer.

## PLAINTIFF'S ARGUMENT

Counsel argues from the get go that plaintiff and Uribe, worked "exclusively" for Brend and Brend. (See Pl Memo at p. 1). Seven lines below he contradicts himself stating that plaintiff was also employed by Unibud. It is undisputed she first worked for Unibud in the Bronx having nothing to do with Brend He argues that plaintiff and her coworkers signed a Pavarini daily workers log sheet that said Brend on the bottom and wore Brend vests and badges. But a sign-in sheet and vests and badges do not make for joint employment. "Statements in the record" that Brend controlled plaintiff's work and what she did at work are denied by Brends' president and contradicted by other of plaintiff's and her witnesses' statements in the record. Plaintiff's

questions of fact do not withstand scrutiny

POINT I

BREND DID NOT EXERCISE CONTROL OVER
PLAINTIFF TO MAKE IT HER JOINT EMPLOYER

There is nothing in the Brend Restoration LLC - Unibud relationship to take this case out of the usual contractor-subcontractor relationship. In *Ovadia v. Office of the Industrial Board of Appeals,* 19 N.Y.3d 138, 143 (2012), the New York Court of Appeals recognized "that in the typical general contractor/subcontractor context, a general contractor is not an employer of its subcontractors' employees." (Citations omitted).

> As a practical matter, general contractors in the construction industry do not hire or supervise the workers employed by their subcontractors; they do not usually maintain the employment records for each worker or track the individual worker's schedules or rates of pay. The primary objective of a general contractor is to keep the project on schedule and to coordinate the work among subcontractors in order to avoid costly delays in the completion of the project. Thus, general contractors frequently interact with the principals and supervisors of the subcontractors, and generally have no direct control or functional supervision over the employees performing work for the subcontractors.

Brend's relationship with Unibud (and plaintiff) at Vandam falls squarely within the usual contractor/subcontractor context. Counsel is well aware of the foregoing and has plaintiff make various allegations that are unsupported and untrue solely to create the appearance of questions of fact.. For example, that Sudol gave her daily work tasks but she contradicts herself when she says that he gave daily work tasks to Uribe who gave

them to her. She really doesn't have much else to say except for the Brend badge and vest she wore and the Pavarini sign-in sheet, but neither the badge and vest nor the sign-in sheet qualify as formal or functional control under the cases to make one a joint employer.

In *Gil v. Pizzarotti, LLC*, 2021 WL 1178027 (SDNY 2021), the Court observed that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment). In denying the putative employer's motion for summary judgment, it was held that the employees failed to demonstrate that Gil exercised formal control over the subcontractor's employees but Gil failed to brief whether there was functional control. At bar, Brend had neither formal control or functional control over Unibud employees.

## NO FORMAL CONTROL

To show "formal control," a plaintiff must show that the entity to be charged (1) had the power to hire and fire the employees; (2) supervised and controlled work employee schedules; (3) determined the rate and method of pay and (4) maintained employment records. See Gil, supra at *4. Plaintiff fails to show there is a question of fact with regard to formal control on all fours.

## NO FUNCTIONAL CONTROL

To show "functional control," a plaintiff must show (1) that Brend's premises

were used for plaintiff's work; (2) that Unibud's business could not shift to another contractor; (3) that plaintiff's work was indispensable to Brend; (4) that plaintiff would work for Brend regardless of Unibud's continued employment; (5) the degree of supervision by Brend; (6) whether plaintiff and her coworkers worked exclusively or predominantly for Brend. *Zheng v. Liberty Apparel Co. Inc.* 355 F. 3d 61 (2003).

    Here, plaintiff fails to show there is a question of fact on all sixes. (1) Plaintiff did not work at Brend's premises but at a job site where Brend was hired to install concrete panels. (2) In the record, plaintiff was working for Unibud on a Bornx job having nothing to do with Brend when she was transferred by Unibud to 100 Vandam. Unibud was not dependent on Brend. It worked for other contractors as well. (3) It cannot be concluded that plaintiff's work was indispensable to Brend. Indeed she has not indicated what exactly her duties were. Moreover it is clear that Brend did not dictate which Unibud workers did what on the job. (4) There is no assertion made that plaintiff would have continued to work for Brend if Unibud was terminated or otherwise left the job site in favor of a different subcontractor.. (5) Supervision has been discussed previously - plaintiff was supervised by Uribe or Rosso and not by Brend's project manager. (6) Again, plaintiff did not work exclusively for Brend. She worked first in the Bronx.

    Plaintiff does not allege Brend and Unibud had any common ownership or shared space or always worked in tandem. There is no question of fact for a jury to determine that Brend exercised functional control over plaintiff.

–4–

## POINT II

### PLAINTIFF'S BADGE AND VEST ARE NOT RELEVANT TO THE QUESTION OF JOINT EMPLOYMENT

In *Jean-Louis v. Metropolitan Cable Communications, Inc.,* 838 F. Supp.2d 111 (USDC SDNY 2011), cable installers employed by Metropolitan Cable sought to impose joint employer liability for their wage claim against Time Warner. Plaintiffs argued, among other things, that their identification cards named Time Warner as well as Metro. In granting summary judgment to Time Warner, the Court held (at p. 136) that their identification cards were not relevant to the inquiry of joint employment, which was more concerned with control. Similarly at bar the fact that plaintiff was given a Brend vest and badge does not factor in to whether Brend was her joint employer with regard to her sexual harassment claim.

## POINT III

### SUMMARY JUDGMENT MAY BE GRANTED EVEN WHERE LESS THAN ALL FACTORS FAVOR DEFENDANT

Citing *Zheng,* supra, the Court in *Jean-Louis,* supra at p. 119, observed that even if some factors suggest joint employment, a putative employer may still be entitled to summary judgment if sufficient factors weigh in its favor. Here, no factors weigh in favor of joint employer liability. Unibud is not inextricably linked to Brend which

pursues its own jobs separate and apart from Brend, i.e.. the Bronx, for one. Wishing Brend to be plaintiff's employer to increase the pot does not make it so.

## CONCLUSION

The Brend defendants' motion for summary judgment should be granted in all respects.

Dated: Scarsdale, New York
      February 10, 2023

                                        Respectfully submitted.

                                        _____
                                        DANIEL S. PERLMAN
                                        Attorney for BREND ~~D~~efendants