UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
ANDREA TOLEDO,                        :
                                      :
                Plaintiff,             :
                                      :         MEMORANDUM DECISION
      -against-                      :               AND ORDER
                                      :
BREND RESTORATION, LLC, BREND         :         21 Civ. 882 (GBD) (SN)
RESTORATION SERVICES INC., and CARLOS :
URIBE,                                :
                                      :
                Defendants.            :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

## I. INTRODUCTION

Plaintiff brings this sex/gender discrimination, hostile work environment, and retaliation action against Defendants Brend Restoration, LLC and Brend Restoration Services (collectively, "Brend" or "Brend Defendants"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), New York State law, and New York City law. (Am. Compl., ECF No. 32.) Before this Court is Brend's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 seeking dismissal of all of Plaintiff's claims against Brend. (Def.'s Mot. for Summ. J., ECF No. 102.) Defendants' motion is GRANTED and the Brend Defendants are dismissed from this action.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed unless otherwise indicated. In early April 2019, Plaintiff was hired by Unibud Restoration Corp. ("Unibud") to work as a construction laborer in the Bronx.[1] (Am. Compl. ¶¶ 13–14; Pl.'s 56.1 Statement, ECF No. 109, ¶ 4; Defs.' 56.1 Statement, ECF No. 102, Ex. 1, ¶ 4.) In April 2019, soon after being hired, Plaintiff's manager, Defendant

---

[1] Plaintiff does not allege that the Brend Defendants had any involvement with the Bronx construction project or with Plaintiff's April 2019 hiring. (Defs.' 56.1 Stmt. ¶ 4–5, Pl.'s 56.1 Stmt. 4–5.)

1

Carlos Uribe ("Uribe") began to send Plaintiff unwanted messages of a sexual nature outside of working hours. (Defs.' 56.1 Stmt. ¶ 6; Pl.'s 56.1 Stmt. ¶ 6; Pl.'' Opp'n Mem. of Law on Mot. Summ. J., ("Pl.'s Mem."), ECF No. 110, at 4–5.) Plaintiff reported Uribe's unwanted phone calls and text messages to a Unibud supervisor. (Defs.' 56.1 Stmt. ¶ 7; Pl.'s 56.1 Stmt. ¶ 7; Am. Compl. ¶ 21.) Two months later, in June 2019, Plaintiff and Uribe were assigned by Unibud to work at a construction site located at 100 Vandam Street in Manhattan ("100 Vandam Project"). (Defs.' 56.1 Stmt. ¶ 11; Pl.'s 56.1 Stmt. ¶ 11.) Pavarini McGovern LLC ("Pavarini") was the general contractor and had subcontracted separately with Brend and Unibud to assist with construction at 100 Vandam. (Defs.' 56.1 Stmt. ¶ 1, 3; Pl.'s Mem. at 2–3; Am. Compl. ¶ 23.) In September 2019, Plaintiff reported the unwanted messages to Unibud's co-owner. (Defs.' 56.1 Stmt. ¶ 13; Pl.'s 56.1 Stmt. ¶ 13; Am. Compl. ¶ 55.) Plaintiff contends that she left her employment due to continued sexual harassment. (Pl.'s 56.1 Stmt. ¶ 83.)

In February 2021, Plaintiff initiated this action against Unibud, the Brend Defendants, Uribe, and Pavarini. (*See generally*, Am Compl.) In January 2022, this Court dismissed Pavarini from this action due to Plaintiff's failure to plausibly allege that Pavarini was Plaintiff's joint employer. (ECF No. 78.) In September 2022, Plaintiff reached a settlement solely as to Defendant Unibud alone. (ECF Nos. 98, 100.) Defendant Uribe has been served but has not answered or appeared in this action as of May 2023, and Plaintiff was informed that she could move for default against Uribe no later than by October 22, 2021. (ECF Nos. 67, 68, 71.) In November 2022, Brend moved for summary judgment on all of Plaintiff's claims against them, arguing that Brend was not Plaintiff's joint employer. (ECF No. 102.)

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.

2

317, 322–23 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Id.* (quotation omitted).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting Matsushita *Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the opposing party must produce "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007). In this regard, "[t]he mere existence of a scintilla of evidence supporting the non-movant's case is [] insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). In determining whether a genuine issue of material fact exists, a court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *Id.*

### IV. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S TITLE VII CLAIMS AGAINST BREND

"[T]he existence of an employer-employee relationship is a primary element of Title VII claims." *Gulino v. N.Y.S. Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006); *Felder v. United States*

*Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022). Here, Plaintiff attempts to establish an employment relationship between two subcontractors through the joint employer doctrine. "Pursuant to the 'joint employer doctrine,' an employee may assert Title VII liability against a 'constructive employer'—an entity that shares in controlling the terms and conditions of a plaintiff's employment." *Felder*, 27 F.4th at 838 (citing *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)). The joint employer doctrine requires a showing that Brend exercised "significant control" over Plaintiff. *Felder*, 27 F.4th at 843; *Chavannes v. Bronx Parent Hous. Network, Inc.*, No. 21 Civ. 5060 (JGK), 2022 WL 4124762, at *4 (S.D.N.Y. Sept. 9, 2022); *Pappas v. XP Controle Participacoes S.A.*, No. 19 Civ. 11137 (GHW), 2023 WL 317353, at *4 (S.D.N.Y. Jan. 18, 2023). "This means that an entity other than the employee's formal employer" is that employee's joint employer when it "has power to pay an employee's salary, hire, fire, or otherwise control the employee's daily employment activities, such that we may properly conclude that a constructive employer-employee relationship exists." *Felder*, 27 F.4th at 843. "[T]he exercise of control is the guiding indicator," *id.*, and relevant factors include whether the purported joint employer had "control over an employee's hiring, firing, training, promotion, discipline, supervision, and handling of records, insurance, and payroll[.]" *Id.* at 838.

To support her theory that Brend was her joint employer, Plaintiff alleges that before working at the 100 Vandam site, Brend required Plaintiff to fill out paperwork and attend a safety training, provided safety gear, work vests, hard hats, and identification cards bearing its logo. (Pl.'s. Mem. at 1, 10.) Plaintiff further alleges that she "worked side-by-side with Brend employees" and worked on the same tasks interchangeably. (Pl.'s Mem. at 10; Decl. Genesis Torres ("Torres Decl."), Ex. C, ECF No. 107-3, at 4.) Plaintiff also alleges in a conclusory manner

that Brend "conducted supervision, inspection, oversight and control" of Plaintiff's work activities "from [Brend's] administrative offices at 100 Vandam." (Am. Compl. ¶ 42.)

Plaintiff has not alleged facts sufficient to show a joint employer relationship between subcontractor Unibud and subcontractor Brend. Plaintiff does not provide any evidence indicating that any Brend employees exercised control over hiring, disciplining, firing, or handling disputes between Unibud workers and Brend supervisors.[2] "Indeed, [Plaintiff] does not even allege facts showing that [Brend was] involved in the decision of whether to hire or fire her." *Byron v. Bronx Parent Hous. Network*, No. 21 Civ. 2568 (MKV), 2023 WL 2585824, at *3 (S.D.N.Y. Mar. 20, 2023) (quotation and brackets omitted); *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 82 (S.D.N.Y. 2020) (no joint employment relationship where plaintiff alleged in a conclusory manner that Fox Corp. made hiring and firing decisions for Fox News, controlled discipline, pay, insurance, records, supervised Fox News, and retained ultimate control over their employment).

Plaintiff's most relevant—but nevertheless conclusory—allegation is that Brend "retained significant power to control the manner in which Plaintiff's work was conducted, and what specific tasks she did at work." (Pl.'s Mem. at 2.) However, Plaintiff never provides detail or evidence regarding how the Brend Defendants had power to exercise those methods of control over Plaintiff—she only alleges in a conclusory fashion that "Brend *and only* Brend was in complete control of Plaintiff's work activities[.]" (*Id.* at 9.) Plaintiff's supporting affidavits and her operative complaint similarly lack details or "hard evidence" outlining such control by Brend. Construing the evidence in the light most favorable to Plaintiff, Plaintiff has only provided evidence that Unibud hired her, that Unibud's co-owner paid her in cash each day, and that Defendant Uribe, a Unibud foreman, controlled her daily activities at 100 Vandam. (Am. Compl.

---

[2] In fact, Plaintiff readily concedes that "there is no evidence that Brend set the rates of pay," and "Brend did not directly hire or fire Plaintiff or any of her coworkers during the time at issue[.]" (Pl.'s Mem. at 13.)

5

¶¶ 13, 43, 44; Decl. Krzystof Zagroba ("Zagroba Decl."), Ex. D, ECF No. 107-4, at 1–2; Torres Decl. at 3.) Because "Plaintiff's allegations regarding [Brend's] joint employment are entirely conclusory and consist only of a recitation of the legal standard," she has not provided any factual evidence showing a joint employer relationship. *Gonzalez v. City of New York*, No. 15 Civ. 3158 (WFK)(CLP), 2015 WL 9450599, at *3 (E.D.N.Y. Dec. 22, 2015); *Pappas*, 2023 WL 317353, at *5. Thus, because an employer-employee relationship is a primary element of Title VII claims, Plaintiff's Title VII claims against Brend are dismissed.

Without an employer-employee relationship, the Court need not address the merits of Plaintiff's other claims against Brend. However, even if Brend could be considered Plaintiff's joint employer, Brend "could not be held liable to [P]laintiff based on that legal theory because there is no evidence that [Brend] either knew or should have known about any of the alleged discrimination." *Lima v. Adecco &/or Platform Learning, Inc.*, 375 F. App'x 54, 55 (2d Cir. 2010) (citing *AT&T v. NLRB*, 67 F.3d 446, 451 (2d Cir. 1995)). "Even where two companies are deemed a joint employer, [] it is not necessarily the case that both are liable for discriminatory conduct in violation of Title VII." *Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009), *aff'd sub nom. Lima*, 375 F. App'x 54. Here, Plaintiff's complaint lacks allegations that Brend knew or should have known of the alleged harassment. Plaintiff did not complain of harassment to any Brend employees. Instead, Brend learned of the harassment when Plaintiff filed the instant action. The alleged sexual harassment Plaintiff suffered occurred via text and phone messages sent outside of work hours and off the 100 Vandam site. (Am. Compl. ¶¶ 15–19.) Plaintiff only claims that she reported it to a Unibud foreman and to Unibud's co-owner. (*Id.* ¶¶ 21, 55.) There are no allegations that those individuals reported it to Brend, or that Brend should have known about Uribe's off-site, after-hours text messages and phone calls to Plaintiff. Finally, constructive

Case 1:21-cv-00882-GBD-SN Document 123 Filed 05/11/23 Page 7 of 7


discharge requires "deliberate action" by an employer. *Wright v. Goldman, Sachs & Co.*, 387 F. Supp. 2d 314, 325 (S.D.N.Y. 2005). There are no such allegations against Brend.

## V. SUPPLEMENTAL JURISDICTION

Because this Court dismisses Plaintiff's Title VII claims, only Plaintiff's state law claims against Brend under the New York State Human Rights Law and the New York City Human Rights Law remain. This Court declines to exercise supplemental jurisdiction over those claims. "District courts may use their discretion in deciding whether to exercise supplemental jurisdiction over state law claims after dismissing a plaintiff's only federal claims, so long as the federal claims were not dismissed for lack of subject matter jurisdiction." *Probiv v. PayCargo LLC*, No. 22 Civ. 02907 (HG), 2023 WL 159788, at *5 (E.D.N.Y. Jan. 11, 2023) (citing *Cangemi v. United States*, 13 F.4th 115, 133–34 (2d Cir. 2021)); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . ."). Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Brend and dismisses those claims without prejudice.

## VI. CONCLUSION

Brend's motion for summary judgment (ECF No. 102) dismissing Plaintiff's Title VII claims against Brend is GRANTED. The Clerk of Court is directed to close the open motion accordingly.

Dated: New York, New York
      May 11, 2023

SO ORDERED.

*[signature]*

GEORGE B. DANIELS
United States District Judge